LANDRIEU, J.
concurs with reasons.
LI agree with the result reached by the majority. I write separately to clarify the law of the case doctrine.
While the majority opinion is correct that this court’s prior writ disposition is law of the case in this instance, it is so because this court granted the prior writ application filed by the State, as we did in State v. McElveen, 2010-0712 (La.App. 4 Cir. 9/28/11), 73 So.3d 1033. The majority cites to a footnote in McElveen in which we stated: “[t]he law of the case doctrine applies to all prior rulings or decisions of *114 an appellate court or the Supreme Court in the same case, not merely those arising from the full appeal process.” Id. at p. 13, fn. 8, 73 So.3d at 1054. However, this general statement, taken out of context, can be overly broad. It must be read in conjunction with the established principle that the denial of a request for supervisory review has no precedential value and cannot establish the law of the case. See, Pitre v. Louisiana Tech University, 95-1466, 95-1487, p. 8 (La.5/10/1996), 673 So.2d 585, 589.
When a court of appeal denies a writ application, it does not reach the substantive issue in the application. It merely declines to exercise its supervisory 1 jurisdiction. As stated by the Louisiana Supreme Court, in this instance, a court of appeal is “without jurisdiction to affirm, reverse or modify the judgment of the trial court.” Bulot v. Intracoastal Tubular Services, Inc., 2002-1035, p. 1 (La.6/14/02), 817 So.2d 1149, 1149. Thus, the denial of a writ application does not result in the law of the case.